# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CODY SWAN JACKSON,<br><br>Defendant. | CR 17-73-GF-BMM<br><br>MEMORANDUM<br>AND ORDER |

## INTRODUCTION

Defendant Cody Jackson (Jackson) is charged by Indictment with one count of involuntary manslaughter in violation of 18 U.S.C. §§ 1153(a) and 1112, and one count of attempted witness tampering in violation of 18 U.S.C. § 1512(b)(3). The charges arise from a single vehicle accident that occurred on the Blackfeet Indian Reservation between East Glacier, Montana and Browning, Montana on December 11, 2016. Blackfeet Law Enforcement Officer Robert Snyder requested that medical personnel obtain a sample of Jackson's blood after the accident under the State of Montana's implied consent statute, Mont. Code Ann. § 61-8-402.

Jackson has moved to suppress the results of the blood toxicology report. Jackson argues that suppression is appropriate because Officer Snyder lacked probable cause to believe that he was driving the vehicle involved in the accident.

Jackson argues that the absence of probable cause renders invalid Officer Snyder's use of Montana's implied consent law. The Government opposes the motion.

The Court conducted a hearing on the motion on February 21, 2018. The Government presented testimony from nurse Maria Flores (Flores) and Officer Snyder. The Government also offered a number of photographs as exhibits. Jackson presented testimony from nurse Minerva Torres-Sierra (Torres-Sierra).

## **BACKGROUND**

The Court makes the following factual findings based on the exhibits and testimony presented at the suppression hearing. The motor vehicle accident in question occurred in the early morning of December 11, 2016. A late model extended cab Chevrolet pick-up truck veered from Highway 2 over a steep embankment. The truck rolled. The truck came to rest on its top.

The truck had three occupants at the time of the accident. A male passenger was partially ejected out a side window adjacent to the rear seat of the truck. He was found dead at the scene of the accident. Jackson and a passenger identified as C.C. suffered injuries in the accident, but were able to exit the truck. A medical doctor came upon the accident scene and transported Jackson and C.C. to the hospital in Browning.

Officer Snyder learned of the accident at approximately 12:52 a.m. Officer Snyder arrived at the accident scene at approximately 1:12 a.m. Officer Snyder

remained at the accident scene for approximately two hours while law enforcement officers processed the scene. Law enforcement officers took photographs of the accident scene and the interior of the truck. Officer Snyder observed black hair on the ceiling of the truck above the driver's seat. Officer Snyder also observed that the keys to the vehicle were not in the ignition.

Officer Snyder proceeded to the hospital in Browning. Officer Snyder met with Jackson and C.C. Officer Snyder observed that Jackson and C.C. appeared to be intoxicated. Officer Snyder observed that Jackson's hair was black and that C.C.'s hair was not black. Officer Snyder found a set of keys in Jackson's coat pocket. The emblem on the keys showed that the keys belonged to a Chevrolet vehicle.

Officer Snyder requested that Jackson provide a sample of his blood for the purpose of determining the presence of alcohol. Officer Snyder read an implied consent form to Jackson. Jackson did not respond when asked by Officer Snyder whether he would consent to a blood draw. Jackson continued to lay in bed with his eyes closed.

Officer Snyder directed medical staff at the hospital to collect a blood sample from Jackson. Nurse Flores obtained a blood sample from Jackson at approximately 5:02 a.m. Nurse Flores testified that Jackson was conscious and

orientated to person, place, time and situation when she obtained the blood sample. The blood sample was analyzed for the presence of alcohol. The toxicology report showed that alcohol was present in Jackson's blood.

## **DISCUSSION**

Montana's implied consent law is set forth in Mont. Code Ann. § 61-8-402. The relevant provision in Montana's implied consent law for purposes of the present motion is Mont. Code Ann. § 61-8-402(2)(a)(iii)(B). Section 61-8-402(2)(a)(iii)(B) states that a peace officer may direct that a blood sample be obtained from a person with or without the person's consent when the following circumstances exist:

> The officer has probable cause to believe that the person was driving or in actual physical control of a vehicle [that] was involved in a motor vehicle accident . . . resulting in serious bodily injury . . . or death.

Blackfeet Tribal Resolution Number 113-79 makes Montana's implied consent law applicable to Indian persons who operate motor vehicles on the Blackfeet Indian Reservation.

Jackson argues that the toxicology report for his blood sample should be suppressed. Jackson argues that suppression is appropriate because Officer Snyder requested the blood sample without probable cause to believe that he was the person who was driving the truck involved in the accident.

The Montana Supreme Court has defined the term "probable cause" on numerous occasions. Probable cause for purposes of a search or an arrest exists "if the facts and circumstances within the officer's personal knowledge . . . are sufficient to warrant a reasonable person to believe that the suspect has committed an offense." *See State v. Stoumbaugh*, 157 P.3d 1137, 1142 (Mont. 2007) (describing probable cause to search); *See State v. Kelm*, 300 P.3d 687, 693 (Mont. 2013) (describing probable cause to arrest).

The Montana Supreme Court has not yet had an opportunity to define the term probable cause for purposes of Montana's implied consent law. It seems reasonable to conclude that the Court would employ a definition similar to the definition applicable to a search or an arrest. Probable cause to request a blood sample under Montana's implied consent law would exist, therefore, if the facts and circumstances within the officer's personal knowledge proved sufficient to warrant a reasonable person to believe that the suspect was the driver of a vehicle involved in the motor vehicle accident that resulted in serious bodily injury or death. The Court must base its probable cause determination "on an assessment of all relevant circumstances, evaluated in light of the knowledge of a trained law enforcement officer." *City of Missoula v. Iosefo*, 330 P.3d 1180, 1182 (Mont. 2014).

The Court, having assessed all of the relevant facts, concludes that Officer

Snyder possessed probable cause to request a blood sample from Jackson. Officer Snyder knew that Jackson and C.C. had been passengers in the truck involved in the accident. Officer Snyder knew that a passenger had died in the accident. Jackson and C.C. both exhibited signs of intoxication when Officer Snyder met with them at the hospital.

Officer Snyder personally had observed black hair on the ceiling of the truck above the driver's seat. Officer Snyder had observed that Jackson's hair was black. Officer Snyder had observed that C.C's hair was not black. Officer Snyder knew that the truck involved in the accident was a Chevrolet. Officer Jackson had observed that the keys to the truck had been removed from the ignition. Officer Snyder had found keys belonging to a Chevrolet vehicle in Jackson's coat pocket. These facts prove sufficient to cause a reasonable person to believe that Jackson was the driver of the truck at the time of accident.

Accordingly, IT IS ORDERED:

Defendant's Motion to Suppress (Doc. 26) is DENIED.

DATED this 14th day of March, 2018.

/s/ Brian Morris
Brian Morris
United States District Court Judge